STATE OF TENNESSEE, ex rel,      )
Doug Sizemore, Commissioner of   )
Commerce and Insurance for the   )
State of Tennessee,              )
                                )
            Petitioner,          )          FILED

**February 5, 1999**

**Cecil W. Crowson
Appellate Court Clerk**
                                )          Appeal No.
                                )          01-A-01-9706-CH-00253
v.                              )
                                )          Davidson Chancery
UNITED PHYSICIANS INSURANCE      )          No. 92-1120-I(II)
RISK RETENTION GROUP,            )
                                )
            Respondent,          )
                                )
RE:                             )
                                )
Insured:  Billy C. Johnson, M.D. )
Claimant:  Blendora Ann Echols   )


## COURT OF APPEALS OF TENNESSEE


## APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

## AT NASHVILLE, TENNESSEE


## THE HONORABLE CAROL L. McCOY, CHANCELLOR


RENARD A. HIRSCH, SR.
ROBIN L. HARRIS
Smith & Hirsch
619 Woodland Street
Nashville, Tennessee  37206
        ATTORNEYS FOR JEANNE BARNES BRYANT
          RECEIVER FOR UNITED PHYSICIANS INSURANCE
          RISK RETENTION GROUP



MARTIN SIR
221 Fourth Avenue, North
Fifth Floor
Nashville, Tennessee  37219
        ATTORNEY FOR APPELLANT,
          ESTATE OF BLENDORA ECHOLS



## AFFIRMED AND REMANDED


WALTER W. BUSSART, SPECIAL JUDGE

# OPINION

This is an appeal from a memorandum and order of the chancellor affirming and adopting the Special Master's report pursuant to Rule 53 of the Tennessee Rules of Civil Procedure. The issue is whether the lower court erred in this action. Our review is de novo upon the record accompanied by a presumption of correctness as to the findings of fact by the chancellor. Tenn.R.App.P.13(d).

## FACTS

The facts here are best presented by a chronology as follows:

05/20/91  Dr. Billy Johnson performed a laproscopic cauterization on Blendora Echols.

05/22/91  Ms. Echols died.

06/17/91  Dr. Johnson executed an application for a "claims made" insurance policy with United Physicians Insurance Risk Retention Group ("UPI"). Dr. Johnson checked "yes" in response to a question regarding prior incidents and claims.

06/30/91  Dr. Johnson's malpractice insurance policy with Physicians National Risk Retention Group ("PNI") expired.

07/01/91  Effective date of UPI policy. (The retroactive effective date was 7/1/90).

07/16/91  Dr. Johnson received formal notice of a malpractice claim brought by Ms. Echols' estate ("Claimant"). The notice was made pursuant to Virginia Code section 8.01-581.

02/21/92  A Virginia court awarded Claimant $769,329.53. PNI paid a percentage of the legal expenses and judgment.

04/10/92  Elaine A. McReynolds, Commissioner of Commerce and Insurance, filed a petition requesting the Davidson County Chancery Court appoint her as receiver of UPI.

05/01/92  The court appointed Jeanne Barnes Bryant, director of Receiverships for the Insurance Division of the Department of Commerce and Insurance ("the Receiver"), as Special Deputy Receiver for the purpose of rehabilitating UPI.

07/01/92  Dr. Johnson's UPI policy expired.

07/16/92  Chancellor C. Allen High issued an order of liquidation against UPI.

07/24/92  The Receiver mailed notice to UPI's insureds informing them of the 8/25/92 incident reporting deadline. The Receiver did not send a copy of the notice to Dr. Johnson.

08/21/92  Cancellation date of UPI's policies.

08/25/92  Incident reporting deadline.

3/93  Claimant's attorney, Thomas J. Schilling, claimed he did not learn of the UPI policy until March 1993

04/14/93  Claimant filed a proof of claim. The Receiver denied the claim.

05/14/93  Claimant sent a formal objection to the Receiver's denial of the claim.

07/21/93  Claim filing deadline established by order of liquidation.

08/27/93  The Receiver moved the court to dismiss the claim or affirm the Receiver's denial of the claim.

09/13/93  Claimant filed a response to the motion to dismiss.

09/15/93  The Receiver filed a position statement.

02/27/95  The Receiver filed an amended position statement.

05/01/95  Claimant filed a statement of claim.

05/02/95  The Receiver filed a second amended position statement wherein she alleged: 1) Dr. Johnson did not list the Echols incident as a prior act on his application; 2) the matter was not reported during the life of the policy nor prior to the time established to report incidents; and 3) the matter was reported to PNI.

06/19/95  Special Master, Claudia C. Bonnyman ("the Master"), filed her report. She found the incident did not occur prior to the effective date of the policy or before the application process. However, she concluded the policy did not cover the claim because Claimant did not report the claim to UPI or to the Receiver until after the expiration of the policy.

06/30/95  Claimant filed an objection to the report.

10/07/96  The Receiver filed a motion to affirm the report.

01/23/97  Chancellor McCoy filed a memorandum and order. The order affirmed and adopted the Master's report.

02/19/97  Claimant filed a notice of appeal.

To reiterate, the Master concluded that the "medical incident" did not

occur prior to the effective date of the policy or before the application process. In other words, the incident occurred during the period of time covered by the UPI policy. However, the Master found that the policy did not cover this claim because Claimant did not report the claim to UPI or to the Receiver until after the expiration of the policy. The chancellor, in analyzing the report, rejected Claimant's argument that notice was provided when Dr. Johnson answered question #92 on his application for the UPI policy as follows:

> 92. INCIDENTS, POTENTIAL CLAIMS
>
> (A) Are you aware of any incidents or facts which could provide a basis for a claim or suit but which have not been acted upon or resulted in legal proceedings? _x_ yes _ no
>
> (B) Have you notified your present insurer of any such incidents or circumstances? If no, for your own protection, please report any such incident or circumstances to your present carrier immediately. List any such incidents or circumstances on the reverse side. _x_ yes _ no

Claimant has appealed.

The case turns on the coverage in the UPI policy and the parties' respective rights pursuant to this policy. *See Black v. Aetna Ins. Co.,* 909 S.W.2d 1, 3 (Tenn.App.1995). In the absence of fraud, overreaching, or unconscionability, we must give effect to an insurance policy if its language is clear and its intent certain. *See Quintana v. Tennessee Farmers Mut. Ins. Co.*, 774 S.W.2d 630, 632 (Tenn.App.1989).

Blendora Echols died on May 22, 1992, two days after Dr. Johnson performed a laproscopic cauterization. Dr. Johnson must have realized at the time that he was exposed to liability because he later conceded that his "conduct failed to meet the standard of medical care" when he was sued by her estate.

Less than one month after Ms. Echols' death, Dr. Johnson applied to UPI for a claims made policy. In this application, he stated that he had never been involved in a malpractice claim, suit, or incident. He also did not request prior acts coverage, and in fact, signed a "prior acts waiver" which stated:

> I understand that if there are any circumstances or incidents which are likely to result in a claim and which are known to me or should have been known to me on the date of this application, but are not disclosed herein, any such resulting claim will not be covered by UPI under any policy in force.

In addition, Dr. Johnson stated in his application that he was "aware" of "incidents or facts which could provide a basis for a claim or suit but which have not been acted upon or resulted in legal proceedings" and that he had notified his present insurer of these incidents or facts.

Based on this application, UPI issued Dr. Johnson a policy that included a rider in paragraph XII amending the prior acts coverage. This rider states, in part:

> **Furthermore, if the *Insured* had personal knowledge prior to the original inception date of the UPI policy as stated on the Declarations Page, no coverage shall apply**; nor will it apply to those medical incidents, claims, or compensable events that were previously reported to the insurance carriers that provided coverage prior to UPI's coverage, even if coverage is denied. This coverage only applies if a premium has been paid and a RETROACTIVE DATE shown which predates the inception of the date of this *policy*. (emphasis in original)

In light of these facts, it seems that the following is undisputed in the record: (1) Dr. Johnson was aware of a medical incident, claim, or compensable event when he first applied for coverage with UPI; (2) he reported this event to his previous insurance carrier; (3) he did not seek prior acts coverage from UPI and, in fact, signed a wavier explicitly waiving this coverage; and (4) he did not report the details of the compensable event involving Ms. Echols to UPI. In light of these facts, it is clear that UPI never contracted to cover any of Dr. Johnson's prior acts, including those associated with Ms. Echols' death. If Dr. Johnson did not obtain prior acts coverage from UPI, UPI can not be liable to Ms. Echols' estate.

Accordingly, the chancery court is affirmed and the case is remanded. The costs are taxed against the appellant, the estate of Blendora Echols.

_____
WALTER W. BUSSART, SPECIAL JUDGE
CONCUR:

_____

-4-

HENRY F. TODD, PRESIDING JUDGE, M.S.

CONCURRING IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE

-5-